[Cite as *State v. McAfee*, 2014-Ohio-1639.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130567 |
| | | TRIAL NO. B-0907727 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ANTHONY MCAFEE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  April 18, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note:  we have removed this case from the accelerated calendar.

Per Curiam.

{¶1}   Defendant-appellant Anthony McAfee appeals from the Hamilton County Common Pleas Court's judgment convicting him of violating the conditions of the community-control sanction imposed upon his felony drug-possession conviction. We affirm the court's judgment, but remand for the proper imposition of postrelease control.

{¶2}   McAfee was convicted in 2010 of cocaine possession in violation of R.C. 2925.11(A), a fifth-degree felony. The trial court sentenced him to three years of community control and notified him in the judgment of conviction that, if he violated the conditions of his community control, the court would impose a 12-month prison term. McAfee did not appeal that conviction.

{¶3}   For community-control violations found in August 2011 and May 2013, the court again imposed community control. In each instance, the court in the judgment of conviction again advised McAfee that if he violated community control, the court would impose a 12-month prison sentence. McAfee did not appeal those convictions.

{¶4}   In August 2013, the court, upon McAfee's no-contest plea, once again found that he had violated his community control, but this time, imposed the promised 12-month prison sentence. In this appeal from that conviction, McAfee advances two assignments of error.

### Due Process and a Knowing Plea

{¶5}   In his first assignment of error, McAfee contends that he was denied due process, and that his no-contest plea was unknowing, when at the hearing on his community-control violation, the trial court failed to apprise him of the proposed grounds for the violation. We find no merit to this contention.

{¶6}   A court may impose a term of confinement for a community-control violation only after affording the offender certain procedural safeguards. Under

2

Crim.R. 32.3(B), the offender may retain counsel to represent him, and if the offense for which community control was imposed was a "serious offense," he is entitled to appointed counsel. The Due Process Clause of the Fourteenth Amendment to the United States Constitution further requires that the offender be afforded a "probable cause" determination and an evidentiary hearing, along with (1) written notice of the claimed violation, (2) disclosure of the evidence against him, (3) an opportunity to be heard in person and to present evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached magistrate, and (6) a statement on the record by the court concerning the evidence relied on and the reasons for the court's action. *State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975), citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *see also State v. King*, 1st Dist. Hamilton No. C-010330, 2002-Ohio-373, ¶ 8 (recognizing that after probation was abolished for convicted felons in 1996, the due-process requirements that had been applied to probation-revocation hearings applied to community-control-violation hearings); *State v. Delaney*, 11 Ohio St.3d 231, 235, 465 N.E.2d 72 (1984); *State v. Nichols*, 48 Ohio App.2d 330, 333, 357 N.E.2d 417 (1st Dist.1976) (holding that the due-process requirement of "written findings" may be satisfied by the court's statement of its findings on the record).

{¶7} On June 17, 2013, McAfee was provided with a written report specifying the conditions of his community control that he was alleged to have violated. The report charged that, on June 4, he had violated rule number 8 by failing to report for his scheduled monthly office visit with his probation officer, and that he had violated special conditions imposed by rule number 11, when he tested positive for cocaine, and when, due to absences and continued drug use, he was terminated from a day-reporting program.

{¶8}   Counsel was appointed and appeared with McAfee at the July 2013 hearing on the violation.  Through counsel, McAfee "waive[d] probable cause" and entered a plea of no contest "to the report."  Upon the allegations contained in that report, the court found McAfee guilty of violating his community control.

{¶9}   We conclude that the challenge advanced in McAfee's first assignment of error fails in its central premise.  The written report apprised him of the specific grounds upon which action was proposed.  *See* Crim.R. 32.3(A).  By his no-contest plea, he effectively admitted the truth of the facts presented in that report.  *See* Crim.R. 11(B)(2).  And by waiving a probable-cause determination, he expressly elected to forego any further inquiry into the report's allegations.

{¶10} Moreover, due process did not mandate a Crim.R. 11 colloquy with McAfee concerning the knowing, voluntary, or intelligent nature of his no-contest plea.  *State v. Durgan*, 1st Dist. Hamilton Nos. C-75288 and C-75503, 1976 Ohio App. LEXIS 8542 (May 10, 1976).  And in the absence of some suggestion in the record that it was other than knowing, voluntary, or intelligent, the plea obviated the need for an evidentiary hearing with its attendant procedural safeguards.  *See State v. Alexander*, 1st Dist. Hamilton No. C-070021, 2007-Ohio-5457, ¶ 3.

{¶11} The record does not support McAfee's contention that he was not apprised of the proposed grounds for his community-control violation.  We, therefore, overrule his first assignment of error.

### *Sentencing*

{¶12} In his second assignment of error, McAfee presents a multifaceted challenge to the 12-month prison sentence imposed for his community-control violation.  He asserts that the trial court erred in failing to afford him the right of allocution, in imposing the maximum prison term, and in failing to notify him at sentencing concerning postrelease control.  This challenge is well taken only to the extent that postrelease-control notification was inadequate.

{¶13} *Allocution.* Neither the state nor federal constitution secures to a criminal defendant a right of allocution. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). But R.C. 2929.19(A)(1) provides a statutory right of allocution to an offender who is being sentenced for a felony. The statute permits the offender to present at sentencing "information relevant to the imposition of sentence" and requires the court to "ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." Crim.R. 32(A)(1) similarly requires the court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶14} We decline to follow those appellate districts that have held that a convicted felon has no right of allocution before he is sentenced for violating his community control. *See, e.g., State v. Favors*, 7th Dist. Mahoning No. 08-MA-35, 2008-Ohio-6361; *State v. Krouskoupf*, 5th Dist. Muskingum No. CT2005-0024, 2006-Ohio-783. The Ohio Supreme Court in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, effectively resolved this issue to the contrary, holding that the sentencing hearing conducted upon finding a community-control violation constitutes "a second sentencing hearing[,] [at which] the court sentences the offender anew and must comply with the relevant sentencing statutes." Thus, the trial court, in sentencing McAfee for his community-control violation, was required to address him personally and to afford him his statutory right to speak concerning matters relevant to his sentence. *See State v. Thompson*, 1st Dist. Hamilton No. C-120516, 2013-Ohio-1981.

{¶15} At the hearing on his community-control violation, the trial court initially determined to continue McAfee's community control if he could gain acceptance to a drug-treatment program. When the hearing resumed a month later, defense counsel advised the court that his client was eligible for the program, but was

"on the fence" about it. The court then personally addressed McAfee and gave him the option of going into the drug-treatment program or serving 12 months in prison. McAfee requested that he instead be permitted to complete the day-reporting program from which he had been terminated, because to "then go on to [the drug-treatment program would] be doing two programs consecutively." When the court again pressed him to choose between the alternatives offered, McAfee offered no further response. His "hesitat[ion]" in responding and his "wavering" in committing to the program caused the court to decide the matter for him and to impose the 12-month prison term. Thus, the record makes plain that McAfee was afforded, and did exercise to the extent that he saw fit, his right of allocution.

{¶16} ***Contrary to law to the extent postrelease-control notification was inadequate.*** Our review of McAfee's remaining challenges in his second assignment of error, to the imposition of the maximum sentence and the adequacy of postrelease-control notification, is governed by R.C. 2953.08(G)(2). The statute permits a reviewing court to modify or vacate a sentence only if the court "clearly and convincingly finds" either that the record does not support the mandatory sentencing findings, or that the sentence is otherwise contrary to law. *See State v. White*, ____ Ohio App.3d ____, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.).

{¶17} McAfee's 12-month sentence was within the range of sentences permitted for a violation of a community-control sanction imposed for fifth-degree-felony drug possession. And the sentence did not exceed the prison term specified in the judgment of conviction for his previous community-control violation. *See* R.C. 2929.15(B)(1)(c) and (B)(2), 2929.14(A)(5), and 2929.19(B)(4); *Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, at ¶ 17.

{¶18} The court was not required to make findings or to give reasons for imposing the maximum term of confinement. *See White* at ¶ 8 (noting that 2011

6

Am.Sub.H.B. No. 86, Section 2 repealed statutory provisions requiring findings for maximum sentences). Nor was the court required to make findings concerning the R.C. 2929.11 felony-sentencing purposes and principles or the 2929.12 seriousness-and-recidivism factors. *See State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17. And in the absence of an affirmative demonstration by McAfee to the contrary, we may presume that the court considered those objectives and factors. *See id.* at fn. 4. *Accord State v. Alexander*, 1st Dist. Hamilton Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 24.

{¶19} But the sentence was contrary to law, and was thus subject to review and correction, to the extent that the court failed to provide at sentencing the postrelease-control notification required by R.C. 2929.19(B)(3)(d)-(e) and R.C. 2967.28(C); *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 27. Accordingly, we remand this case to the trial court for correction of the offending portion of McAfee's sentence.

{¶20} In all other respects, we affirm the court's judgment.

Judgment affirmed and cause remanded.

CUNNINGHAM, P.J., FISCHER and DEWINE, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.