[Cite as *State v. Johnson*, 2017-Ohio-1366.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104597

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JULIAN Q. JOHNSON

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596825-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 13, 2017

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street, Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Justine Dionisopoulos
Gittel L. Chaiko
Assistant Prosecuting Attorney
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Julian Q. Johnson ("Johnson"), appeals his sentence and asks this court to vacate and reduce his sentence. We affirm.

{¶2} Johnson was convicted of criminal nonsupport, a fifth-degree felony in violation of R.C. 2919.21(B) and sentenced to a 12-month suspended prison term with five years of community control sanctions. Johnson violated his community control sanctions, and the trial court sentenced him to his 12 months imprisonment.

I.  Facts

{¶3} On September 21, 2015, Johnson was found guilty of failing to pay child support, and the trial court placed him on community control. During this time, Johnson was ordered by the trial court to report to the probation department on November 25th, December 2d, and December 9th of that same year. Johnson failed to report. Johnson was arrested on December 10, 2015. A probation violation hearing was set.

{¶4} At the February 10, 2016 probation violation hearing, Johnson acknowledged his failure to report and waived the probable cause hearing. Johnson stated that he did not report on November 25th because he could not find anyone to babysit his daughter, who was home sick from school. He also stated that he was unaware that he was supposed to report to the probation department weekly. The trial court acknowledged Johnson's statements but rejected his reasoning. The trial court terminated Johnson's community control and ordered the original sentence into execution. Johnson appeals his

12-month sentence.[1]  Johnson assigns two errors for our review.  We will review these together.

> I.    The trial court abused its discretion in terminating appellant's community control sanctions; and
>
> II.   The trial court abused its discretion in imposing too sever a penalty upon its finding of a violation of community control sanctions.

## II.    Community Control Sanctions

### A.    Standard of Review

**{¶5}** "A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion."  *State v. Ryan*, 3d Dist. Union No. 14-06-55, 2007-Ohio-4743, ¶ 7.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

### B.    Law and Analysis

**{¶6}** Johnson argues that the trial court abused its discretion in terminating his community control sanction and by imposing a penalty that is too severe.

> The revocation of community control is an exercise of the sentencing court's criminal jurisdiction, and pursuant to R.C. 2929.15(B)(1), the court may extend the term of the offender's community control or impose a more restrictive sanction or a prison term if the conditions of community control are violated.

*State v. Morris*, 8th Dist. Cuyahoga No. 104013, 2016-Ohio-7614, ¶ 12.

---

[1] Johnson was released from prison on February 22, 2016, serving his full sentence.  As a result there is no relief that can be granted from this court.

{¶7} Johnson's original sentence was 12 months suspended on the condition that he fulfill his community control sanction requirements. Johnson acknowledged violation of his community control sanctions. Johnson contends that he was remorseful and wished to complete his terms of community control sanctions. However, the trial court was well within its discretion in terminating Johnson's community control sanctions and ordering the original sentence into execution.

{¶8} We find that the trial court did not abuse its discretion in terminating Johnson's community control and sentencing him to a 12-month prison term. Johnson's assignments of error are overruled.

{¶9} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR