[Cite as *State v. Turjoniz*, 2012-Ohio-4215.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 28 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BRANDON TURJONIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from the Youngstown Municipal Court of Mahoning County, Ohio
Case No. 09 CRB 2523

JUDGMENT:                            Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Dana Lantz
Youngstown City Prosecutor
Atty. Bassil Ally
Senior Assistant Law Director
26 S. Phelps Street
Youngstown, Ohio 44503

For Defendant-Appellant:        Atty. Edward A. Czopur
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: September 14, 2012

WAITE, P.J.

{¶1} Appellant Brandon Turjonis appeals his misdemeanor sentences in two separate cases in the Youngstown Municipal Court on the grounds that he was not afforded the right of allocution at sentencing. The court conducted a joint sentencing hearing for a probation violation stemming from a 2009 conviction, and for a 2010 conviction for obstructing official business and criminal trespass. Appellant contends that he did not receive the right of allocution, as set forth in Crim.R. 32(A), in either case. Crim.R. 32(A)(1) requires the sentencing judge to ask the defendant personally if he or she wishes to make a statement or present information in mitigation of punishment. The state correctly argues that there is no right of allocution in a probation violation case, and there is nothing about Appellant's situation that would alter our prior rulings on this issue. With respect to the sentence for the 2010 conviction, the record reflects that the court engaged in a colloquy with Appellant about his drug problems and other reasons he gave in support of mitigation of punishment. Even though the judge did not personally invite Appellant to give a statement prior to the sentence being imposed, as a practical matter, the record reflects that Appellant exercised his right of allocution, and any error in the trial court's failure to specifically follow Crim.R. 32(A)(1) is harmless. Because there is no reversible error in this case, the sentences imposed for the probation violation and for the subsequent 2010 convictions are affirmed.

History of the Case

{¶2} On October 14, 2009, Appellant was charged with unauthorized removal of siding from a house and possession of a drug abuse instrument. He

failed to appear at arraignment on October 15th, and a capias was issued for his arrest. On October 28, 2009, he entered a plea of no contest to the unauthorized removal charge, a first degree misdemeanor under Youngstown Municipal Ordinance 545.23, and the drug charge was dismissed. He was sentenced the same day, as reflected in Youngstown Municipal Court Case No. 09 CRB 2523. At the sentencing portion of the hearing, Appellant was given a full opportunity to speak in his defense in mitigation of punishment. As mitigation, he explains that he thought he had permission to take the siding, and that he was addicted to heroin. The court sentenced him to 30 days in jail and four years of intensive probation supervision. The court informed Appellant that if he violated the terms of his probation he would serve the full 180-day jail term possible for a first degree misdemeanor. The judgment, filed on October 28, 2009, was not appealed.

{¶3} On July 19, 2010 Appellant was charged with misdemeanor counts of obstruction of official business, criminal trespass, and possession of drug paraphernalia. These charges stemmed from an incident in which Appellant fled on foot after the vehicle in which he had been riding was stopped by police due to suspicion of drug activity. He was found hiding in some nearby bushes. These actions lead to the obstruction of justice and trespass charges. Hypodermic needles and other drug paraphernalia were found in the car, resulting in the drug charge. These were filed under Youngstown Municipal Court Case No. 10 CRB 1357. Appellant was also charged with a probation violation in Case No. 09 CRB 2523 for failing to report for probation and engaging in criminal acts while on probation, as evidenced by the charges in Case No. 10 CRB 1357.

{¶4} On September 29, 2010, Appellant entered a no contest plea to misdemeanor charges of obstructing official business and criminal trespass. The drug possession charge was dismissed. He also stipulated to the probation violation. A joint sentencing hearing was scheduled for October 29, 2010. He failed to appear and a capias was issued. The hearing was reset for January 18, 2011. At the sentencing hearing, the judge asked Appellant to explain why he had missed his court appearance. Appellant responded by telling the judge he was addicted to heroin and that he needed help. The court made further inquiries about his job status, his family situation, and his drug problems, particularly as to the treatment he had sought for his addiction. Appellant explained that he failed to participate in any treatment program. The judge was not moved by Appellant's excuses for his conduct, particularly since he had done nothing to deal with his drug problem. The judge asked Appellant's counsel for any final comments before sentencing, and counsel made a brief statement in support of community control rather than jail. The sentencing judgment entry, filed January 18, 2011, notes that Appellant offered evidence in mitigation of sentence. Appellant was sentenced to 180 days in jail on the obstruction charge, no jail time for the trespass charge, and 150 days in jail on the probation violation. The jail terms were to be served consecutively. This timely appeal followed. Both assignments of error deal with the issue regarding the right of allocution and will be treated together.

<u>ASSIGNMENTS OF ERROR NOS. 1 AND 2</u>

The trial court denied Appellant his right to allocution pursuant to Ohio Rule of Criminal Rule [sic] 32(A)(1) thereby requiring vacature of Appellant's sentence in the 2010 case.

The trial court denied Appellant his right to allocution pursuant to Ohio Rule of Criminal Procedure 32(A)(1) relative to the imposition of his sentence in the 2009 case thereby requiring vacature of his sentence in that matter.

**{¶5}** The issue on appeal is whether Appellant was afforded the right of allocution as described in Crim.R. 32, which states:

(A) **Imposition of sentence**. * * * At the time of imposing sentence, the court shall do all of the following:

(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

(2) Afford the prosecuting attorney an opportunity to speak;

**{¶6}** The purpose of allocution is to allow the defendant an opportunity to state for the record any mitigating information which the judge may take into consideration when determining the sentence to be imposed. Crim.R. 32(A). The right of allocution applies to both misdemeanor and felony convictions. *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (1990); *State v. Brown*, 166 Ohio

App.3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶8.  The remedy for a violation of the right of allocution is a new sentencing hearing.  *State v. Green*, 90 Ohio St.3d 352, 359, 738 N.E.2d 1208 (2000).  There is generally no right of allocution, though, in a probation revocation hearing.  *State v. Flavors*, 7th Dist. No. 08-MA-35, 2008-Ohio-6361, citing *State v. Henderson*, 8th Dist. No. 42765, 1981 WL 10370 (June 18, 1981), and *State v. Krouskoupf*, 5th Dist. No. CT2005-0024, 2006-Ohio-783.

{¶7}   Appellant maintains that he was not afforded his right of allocution in either his 2009 or 2010 cases.  He acknowledges that the trial judge engaged him in conversation, but he does not consider this to be an exercise of his right of allocution.  Appellant is also aware of our prior rulings, such as the *Flavors* case, that hold there is no right of allocution in a probation revocation hearing, but he urges us to reverse our prior decisions based on the facts of this case.  The state, on the other hand, insists that Appellant was afforded his right of allocution.  The state also asserts that there is no right of allocution in probation cases, and that there is no reason in this record to rule any differently, here.  The state is correct on both matters.

{¶8}   We will deal with the probation revocation sentence first.  Appellant contends that he should have been given the right of allocution in his probation revocation case because our decision in *Flavors* was premised on the theory that the defendant had already exercised his right of allocution at the original sentencing.  Hence, it was not necessary to present any more information to the trial court.  Appellant contends that he was not afforded the right of allocution in 2009, and thus, the court should be required to allow him to speak at his 2011 sentencing hearing.  Appellant is incorrect for two reasons.  First, he did not appeal the October 28, 2009,

sentence. Therefore, he waived any error with respect to whether or not he was afforded the right of allocution in that case. Failure to timely appeal a final judgment in a criminal case constitutes a waiver of any errors contained within that judgment. *State v. Trussel*, 153 Ohio App.3d 83, 2003-Ohio-2933, 790 N.E.2d 1252, ¶19 (7th Dist.).

{¶9} Second, the record reflects that Appellant was given the right to allocute at his original sentencing hearing. The trial court engaged in a lengthy discussion with Appellant about his excuse that he did not know the siding could not be taken off the house, and about his addiction to heroin; the reasons he gave in mitigation of punishment. The trial court also told Appellant in 2009 that if he violated his probation he would receive the full 180 days in jail allowed by law. Once Appellant stipulated to the probation violation, the record shows that the judge simply carried out the previously announced decision to impose the remainder of the 180-day jail term.

{¶10} Appellant also argues that he was not given the right of allocution in Case No. 10 CRB 1357. Appellant is technically correct that the judge did not specifically recite the words of Crim.R. 32(A)(1) immediately prior to imposing the sentence. That said, errors in implementing the right of allocution are subject to a harmless error analysis. *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000); *State v. Gordon*, 7th Dist. No. 08 MA 91, 2009-Ohio-4819; *State v. Searcy*, 7th Dist. No. 00 CA 219, 2003-Ohio-327. The failure to strictly follow Crim.R. 32(A)(1) has been deemed harmless where the defendant has previously addressed the court by way of an unsworn letter, where defense counsel is given the opportunity

to make a statement on behalf of the defendant. *State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998). Harmless error has also been found when the defendant makes a statement in mitigation of punishment even though he has not been directly asked to do so by the judge. *Cleveland v. Gholston*, 8th Dist. No. 96592, 2011-Ohio-6164, ¶18. In this case, Appellant spoke on his own behalf in mitigation of sentence by explaining his drug addiction history to the judge. Although there is no single point in time where the trial judge asked Appellant if he wanted to make one last statement, the entire sentencing hearing consists of a colloquy between the judge, Appellant and his attorney about the reason Appellant had given for mitigating his sentence: his addiction to heroin. In addition, the judge asked Appellant's counsel whether there was anything else to add before sentence was imposed, and counsel gave a statement in mitigation of punishment, asking the court for community control rather than jail time. (Tr., p. 23.)

{¶11} Although it is preferable for the trial judge to simply ask the defendant directly if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment, it is not per se reversible error for the judge to fail to specifically recite the language of Crim.R. 32(A)(1) immediately prior to announcing the sentence.

{¶12} We are not aware of any case where the failure to recite the words of Crim.R. 32 resulted in per se reversible error when the defendant, as a practical matter, engaged in the right of allocution. Appellant has not asserted that he had anything else to add in mitigation of punishment had the court specifically directed him to allocute. The record clearly reflects that the court granted Appellant the right

to present reasons in mitigation of punishment. Based on the additional circumstances surrounding the sentencing hearing, there is no reversible error in this case. Any error arising from the failure of the trial judge to specifically recite the invitation to allocute as stated in Crim.R. 32(A)(1) was not prejudicial and is harmless in this case.

**{¶13}** In summary, Appellant challenges the sentences imposed in a probation violation case and in a separate conviction for obstructing official business and criminal trespass, because he believes he did not receive his right of allocution. There is no right of allocution in a probation revocation case. Also, the record reflects that he was given the right to give a statement in mitigation of punishment at the sentencing hearing, and the primary reason he gave was that he was addicted to heroin. Even though the court did not recite the words of Crim.R. 32(A)(1) to Appellant, any error is harmless because Appellant and his counsel both gave statements at sentencing in support of mitigating the punishment. There is no reversible error in this case, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.