[Cite as *State v. Novoa*, 2023-Ohio-3595.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ARTURO NOVOA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0020**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18 CR 850

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dave Yost,* Ohio Attorney General and *Atty. Andrea K. Boyd*, Special Prosecuting Attorney, Asst. Attorney General, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215, for Plaintiff-Appellee

*Atty. Brian A. Smith*, Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, Ohio 44333, for Defendant-Appellant

Dated: September 29, 2023

---

**WAITE, J.**

{¶1}   On February 24, 2017, Appellant Arturo Novoa murdered and then dismembered his girlfriend Shannon Graves.  He attempted to dissolve some of the body parts with sulfuric acid; others were hidden and moved to various locations over the course of the next months.  He pleaded guilty to 43 criminal charges related to the murder and subsequent cover up, and he was sentenced to 48 years and one month to life in prison.  When sentencing, some counts merged but the trial court pronounced sentence on each merged count despite the merger.  The case was appealed to this Court.  *State v. Novoa*, 7th Dist. Mahoning No. 19 MA 0073, 2021-Ohio-3585.  Appellant's convictions were affirmed, but the matter was remanded for the limited purposes of resentencing due to the errors related to sentencing on the merged counts.  On remand, Appellant made an oral motion to withdraw his plea at resentencing, which was denied.  The trial court addressed the merger error and Appellant was once again sentenced to 48 years and one month to life in prison.

{¶2}   Appellant argues that the trial court should have granted the motion to withdraw his plea made at the beginning of his resentencing hearing.  Appellant also alleges error in imposing consecutive sentences, denial of his right of allocution, and failure to sentence him on certain counts.  Finally, Appellant alleges error in the trial court's jail-time credit calculation.  A review of this record reveals none of Appellant's six assignments of error have merit and the judgment of the trial court after the limited resentencing is affirmed.

Case History and Facts

{¶3}   The history of this case is well documented in our prior opinion, *State v. Novoa*, 7th Dist. Mahoning No. 19 MA 0073, 2021-Ohio-3585.  Appellant and the victim, Shannon Graves, were in a violent and tumultuous relationship during portions of 2016 and 2017.  Appellant bludgeoned Graves to death in her home on Mahoning Avenue in Youngstown, Ohio, on February 24, 2017.  At the time, Appellant was also involved with another woman, Katrina Layton, who became his accomplice in the crimes against Graves.  After murdering Graves, Appellant and Layton attempted in various ways to cover up the crime.  Appellant shaved the victim's head, wrapped the body in garbage bags, and he and Layton put the body in the trunk of Graves' car.  They took the body to Layton's home and together with another accomplice, Andrew Herrmann, dismembered the body.  They placed Graves' arms and legs in one storage bin and her head and torso in another, took the bins back to the Mahoning Avenue home, and placed the body parts in a freezer.  They used sulfuric acid to try to dissolve the head and body.  They also burned Graves' personal belongings and her hair in a bonfire at a friend's house on Sherwood Avenue in Youngstown.

{¶4}   During this time period Appellant and Layton used Graves' car, and also used her WIC food stamp card to purchase groceries.  They told Graves' family and friends that she had moved to Cleveland with one man, and then later said she moved to Columbus with another.

{¶5}   On June 22, 2017, Graves' sister, Debbie DePaul, filed a missing person's report.  DePaul and Graves' former fiancé began looking for her.  At this point, Appellant and Layton became concerned that the police would search the Mahoning Avenue home.

They purchased a second freezer and took it to an apartment on Ravenwood Avenue in Youngstown. They moved Graves' body parts to the second freezer, but again became concerned about detection and moved the freezer containing Graves' body to a third location on Devitt Avenue in Campbell, Ohio. A friend of Appellant opened the freezer thinking it contained frozen food. Instead, he found a bag containing what was left of Graves' remains.

{¶6} On September 21, 2017, Appellant and his co-defendants were indicted in Mahoning County on five felonies in Case No. 17 CR 856. This case was eventually dismissed because Appellant and his co-defendants were reindicted in Case No. 18 CR 850 on August 29, 2018. The second indictment contained 48 counts, including aggravated murder, murder, tampering with evidence, abuse of a corpse, possession of criminal tools, theft of food stamp benefits, grand theft of a motor vehicle, drug trafficking, and engaging in a pattern of corrupt activity. Appellant was implicated in 44 of these counts.

{¶7} On May 31, 2019, Appellant entered into a Crim.R. 11 plea agreement. He pleaded guilty to all charges except aggravated murder, which was dismissed as part of the plea agreement. On June 24, 2019, he was sentenced to fifteen years to life in prison for murder, 36 months for each count of tampering with evidence, 11 months for each count of abuse of a corpse, 11 months on each count of possession of criminal tools, 11 months on each count of theft of benefits, 17 months for grand theft of an automobile, 11 months on each count of drug trafficking, and 10 years for engaging in a pattern of corrupt activity.

{¶8} The court merged various counts as follows:

Count 3 (tampering with evidence) and 32 (abuse of a corpse)

Counts 4, 5, 6, 7 (tampering with evidence)

Count 5 (tampering with evidence) and 30 (abuse of a corpse)

Counts 8, 9, 10, 11, 12, 13, 14, and 15 (tampering with evidence)

Count 9 (tampering with evidence) and 27 (abuse of a corpse)

Count 10 (tampering with evidence) and 28 (abuse of a corpse)

Count 16 (tampering with evidence) and 29 (abuse of a corpse)

Counts 21, 22, 23, 24, 25, and 26 (tampering with evidence)

**{¶9}** The court ordered some counts to be served concurrently and some consecutively, for a total of 48 years to life in prison. By actual count of the individual sentences, the sentence amounted to 48 years and one month to life in prison.

**{¶10}** Appellant appealed his conviction and sentence to this Court. This Court held that Appellant's guilty plea was made knowingly, voluntarily, and intelligently; that the trial court was not required to notify Appellant during the plea process of the aggregate maximum sentence he faced; and that his conviction and sentence did not violate double jeopardy. This Court did find the trial court erred when it merged certain counts at sentencing but also entered specific prison terms for each sentence, rather than sentencing once on each group of merged counts. *Id.* at ¶ 48. The case was remanded to the trial court for the limited purposes of resentencing on only the merged counts by

Case No. 22 MA 0020

allowing the state to elect the charge in each set of merged counts on which the court should sentence, and then for the court to issue a sentence only on those specifically elected counts.

{¶11} The resentencing hearing took place on February 9, 2022. At the beginning of this resentencing hearing, Appellant made an oral motion to withdraw his guilty plea, which was denied. The resentencing entry was issued on February 17, 2022. The court recited which counts had been merged at the previous sentencing, and then stated which merged counts the state had elected for conviction and sentencing purposes: counts 3, 4, 8, 16, and 21. The court resentenced accordingly and sentenced Appellant to 48 years and one month to life in prison as follows:

Count 2, murder (R.C. 2929.13(F), 2929.14(D)(3)), 15 years to life;

Count 3, tampering with evidence (R.C. 2921.12(A)(1), third degree felony), 36 months;

Count 4, tampering with evidence (R.C. 2921.12(A)(1), third degree felony), 36 months;

Count 16, tampering with evidence (R.C. 2921.12(A)(1), third degree felony), 36 months;

Count 17, tampering with evidence (R.C. 2921.12(A)(1), third degree felony), which is not an allied offense, 36 months;

Counts 18, 19, and 20, tampering with evidence (R.C. 2921.12(A)(1), third degree felony), which are not allied offenses, 36 months for each count;

Count 21, tampering with evidence (R.C. 2921.12(A)(1), third degree felony), 36 months;

Count 31, abuse of a corpse (R.C. 2927.01(B), fifth degree felony), 11 months;

Counts 33, 34, and 35, possession of criminal tools (R.C. 2923.24, fifth degree felony), which are not allied offenses, 11 months for each count;

Counts 36, 37, and 38 (R.C. 2913.46, fifth degree felony), theft of WIC benefits, which are not allied offenses, 11 months for each count;

Count 42, grand theft of a motor vehicle (R.C. 2913.02, fourth degree felony), 17 months;

Count 43, 44, 45, and 46, trafficking drugs (R.C. 2925.03(A)(1), fifth degree felony), which are not allied offenses, 11 months for each count.

{¶12} Appellant filed a timely appeal of his resentencing on March 9, 2022, and raises six assignments of error.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA.

{¶13} Appellant contends that he made a valid oral presentence motion to withdraw his guilty plea at the beginning of his resentencing hearing on June 14, 2019. Appellant cites nine factors a trial court is to use in evaluating a presentence motion to withdraw a plea. *State v. Jones*, 7th Dist. Columbiana No. 18 CO 0023, 2020-Ohio-3578, ¶ 12. He argues that a presentence motion to withdraw a plea should be freely and liberally granted and a trial court is reviewed on appeal for abuse of discretion. *Id.* at ¶ 11. Based on this, Appellant contends that his motion to withdraw should have been granted, or at least the trial court should have held a hearing on the matter.

{¶14} Appellee responds that since Appellant's conviction had already been affirmed on appeal, the oral motion to withdraw Appellant's plea made at the beginning of the limited resentencing hearing could not be granted. Appellee is correct. "A motion to withdraw a plea cannot be sustained by the trial court after the case has been appealed and the conviction affirmed." *State v. Smith*, 7th Dist. Mahoning No. 14 MA 65, 2015-Ohio-4809, ¶ 5, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 61. "If the case is reviewed and partially remanded for some aspect of resentencing, the appellate court has nevertheless affirmed the underlying conviction and the lower court no longer has jurisdiction to reconsider matters dealing with that conviction, such as whether the plea should be vacated." *Id.* "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). "According to the Supreme Court, it is inappropriate for a trial court to consider a motion to withdraw a guilty plea after a defendant's conviction has been affirmed because

permitting the withdrawal would be inconsistent with the judgment of the appellate court."
*State v. Gibson*, 9th Dist. Summit No. 25085, 2011-Ohio-566, ¶ 5. Once a conviction based on a guilty plea is affirmed on appeal, all matters regarding the guilty plea are res judicata and the trial court has no jurisdiction to revisit or vacate the plea as part of a limited remand for resentencing. *Ketterer* at ¶ 61.

**{¶15}** Based on the established law, Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT SUPPORTED BY THE RECORD.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW.

**{¶16}** Appellant argues that the consecutive sentences imposed with respect to counts 2, 3, 4, 8, 16, 17, 18, 21, 31, 33, 36, 42, 43, and 48 are not supported by the record and are contrary to law. We note the law regarding appellate review of consecutive sentences has recently changed. When a person is sentenced after committing multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively. R.C. 2929.41(A). However, a court may impose consecutive sentences by following the requirements of R.C. 2929.41(C)(4). The court must find that "the consecutive service is necessary to protect the public from future crime or to punish the

offender." *Id.* It must further find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* The court must also find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} The appellate standard of review is found in R.C. 2953.08(G)(2), which states:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶18} The Ohio Supreme Court has recently addressed the standard of review when consecutive sentences are being reviewed in *State v. Gwynne*, -- Ohio St. 3d --, 2022-Ohio-4607, -- N.E.3d --, which held:

The evidentiary standard for changing the trial court's order of consecutive sentences is not deference to the trial court; the evidentiary standard is that the appellate court, upon a de novo review of the record and the findings, has a 'firm belief' or 'conviction' that the findings—the criteria mandated by the legislature to be met before the exception to concurrent sentences can apply—are not supported by the evidence in the record.

*Id.* at ¶ 23, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22.

**{¶19}** "[T]he plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings." *Gwynne* at ¶ 1.

**{¶20}** Two steps are necessary in reviewing consecutive sentence findings. The first is whether the appropriate findings have been made. The second is whether the record clearly and convincingly supports those findings. *Id.* at ¶ 26. An appellate court may modify or vacate the consecutive sentences if it has "a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, which includes the number of consecutive terms and the aggregate sentence that results." *Id.* at ¶ 29.

**{¶21}** Turning to this record, the trial court made the required R.C. 2929.14(C) findings. The court found that consecutive sentences were necessary to protect the public from future crime and to punish the offender, that they were not disproportionate to the seriousness of Appellant's conduct and the danger he posed, and that at least two of the multiple offenses were committed as part of one or more courses of conduct with a harm so great or unusual that a single term would not adequately reflect the seriousness of the conduct. (2/9/22 Tr., pp. 22-23.) The findings were incorporated into its sentencing entry.

**{¶22}** Appellant contends that the court failed to accurately make a finding at the sentencing hearing which is required by R.C. 2929.14(C)(4), and states: "that the consecutive * * * sentences are not disproportionate to the seriousness of the offender's

conduct and to the danger the offender poses to the public * * *."  Appellant complains the court actually said:  "consecutive sentences are not disproportionate to the seriousness of the offender's conduct, the callous disregard for human life and danger imposed by the defendant * * *."  (2/9/22 Tr., p. 23.)  Thus, he argues that as the trial court was required to make the exact finding set out in R.C. 2929.14(C)(4), the way the court phrased the finding at resentencing did not conform to the statute and was ineffective to support consecutive sentencing.

**{¶23}** As this Court and many others have repeatedly held:  "The court is not required to state reasons in support nor is it required to use any 'magic' or 'talismanic' words, so long as it is apparent that the court conducted the proper analysis."  *State v. Williams*, 2015-Ohio-4100, 43 N.E.3d 797, 806, ¶ 34 (7th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.  It is clear the trial court conducted the appropriate consecutive sentence analysis and clearly followed the statutory language.  The slight variation cited by Appellant is a distinction without a difference.

**{¶24}** Apart from the murder conviction, and taking into account the merged counts, Appellant could have received over 66 years to life in prison if all the convictions were ordered to run consecutively.  The murder conviction alone warranted a sentence of 15 years to life in prison.  Thus, an aggregate sentence of 48 years to life is below the maximum sentence Appellant could have received.  Further, the aggravated murder charge dismissed as a result of his Crim.R. 11 plea agreement was punishable by life in prison.  Charges that have been dismissed through a plea agreement may be considered at sentencing.  *State v. Wilson*, 7th Dist. Mahoning No. 14 MA 43, 2015-Ohio-838, ¶ 13.

**{¶25}** Appellant contends the record does not contain facts that could possibly justify a sentence of 48 years to life. Appellant concedes that he has several prior convictions. He concedes that the acts forming the basis of his tampering with evidence charges are violent and gruesome, and are completely unlike most tampering charges. Appellant argues, though, that his abuse of a corpse charges are not based on any unusual behavior requiring consecutive sentences because the abuse of any corpse is by its very nature abhorrent. He also argues that his theft of food stamp benefits is no different than any other similar theft and could not possibly warrant consecutive sentences.

**{¶26}** The record reveals that Appellant committed one of the most horrendous crimes committed in Ohio in recent memory. The facts of the case are well-established in the record and in our prior opinion. He bludgeoned the victim to death, dismembered her body, and then he and his new girlfriend went on a months-long spree trying to conceal or destroy the victim's body while telling others that she had simply moved away. They used sulfuric acid to try to dissolve some of the body. They gathered up and moved the body parts from place to place as they began to worry that their crimes would be discovered. All the while they used the victim's own vehicle during the commission of these crimes, and even used the victim's WIC food stamp card. These facts alone provide overwhelming support of the trial court's decision to impose consecutive sentences on some of Appellant's convictions.

**{¶27}** In addition, Appellant's prior record contains convictions for arson, vandalism, and escape. The trial court also noted that Appellant had been released on bond in another criminal case when some of the offenses were committed. Appellant was

arrested on April 29, 2017, after committing a traffic offense in Youngstown. He fled in his vehicle and then on foot, and was eventually tased and caught. He had been released on bond in that case while many of the crimes under review in this appeal occurred. In light of the potential sentence that could have been imposed, Appellant's prior criminal history, the fact that he was on bond when some of the crimes occurred, and in light of the facts surrounding the crimes that were committed, this record fully supports the sentence imposed. Appellant's second and third assignments of error are overruled.

ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW FOR FAILING TO AFFORD APPELLANT HIS RIGHT OF ALLOCUTION.

{¶28} Appellant argues that the trial court denied him his right of allocution found in Crim.R. 32(A)(1), which requires the sentencing judge to ask the defendant personally if he or she wishes to make a statement or present information in mitigation of punishment. The right of allocution applies, in part, to a resentencing hearing: "[The] right of allocution is confined to the matters remanded to the court for resentencing." *State v. King*, 8th Dist. Cuyahoga No. 95972, 2011-Ohio-3985, ¶ 9, citing *State v. Saxon*, 109 Ohio St .3d 176, 2006-Ohio-1245, 846 N.E.2d 824. However, a violation of the right of allocution is subject to a harmless error analysis. *State v. Turjoniz*, 7th Dist. Mahoning No. 11 MA 28, 2012-Ohio-4215, ¶ 10. For example, in *State v. Arroyo*, Cuyahoga App. No. 90369, 2008-Ohio-3808, the Eighth District held that the trial court's failure to provide opportunity for allocation at resentencing was harmless error where imposition of

postrelease control was statutorily mandated, the defendant had addressed the court on previous occasions, and nothing defendant said would have affected the sentence.

**{¶29}** We have held that failure to directly address the defendant to give a final statement at sentencing is harmless where "defense counsel is given the opportunity to make a statement on behalf of the defendant." *Turjoniz*, *supra*, at ¶ 10. In the instant appeal, the trial court asked Appellant's counsel immediately before pronouncing sentence: "Does your client have anything to say prior to the imposition of sentence?" (2/9/22 Tr., p. 13.) Counsel replied: "No, Your Honor." (2/9/22 Tr., p. 13.) Because no error was raised regarding Appellant's right to allocution in the prior appeal of this case, and because the trial court asked Appellant's counsel if Appellant wished to make a final statement on resentencing, the record here reveals no prejudicial error. Appellant's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT DID NOT IMPOSE APPELLANT'S SENTENCE ON COUNTS NINETEEN AND TWENTY OF THE INDICTMENT AT THE SENTENCING HEARING.

**{¶30}** Appellant argues that his resentencing was contrary to law under R.C. 2953.08(G)(2) because the trial court failed to pronounce sentence on counts 19 and 20 at the sentencing hearing. Appellant acknowledges that counts 19 and 20 are mentioned in the sentencing judgment entry. He contends that they should have been discussed at the resentencing hearing. Appellant cites only Crim.R. 32(A)(4) in support, which

Case No. 22 MA 0020

provides: "At the time of imposing sentence, the court shall do all of the following: * * * (4) In serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."

**{¶31}** The Ohio Supreme Court has held that Crim.R. 32(A)(4) "requires only that courts state findings and give reasons as mandated by the sentencing statutes; the rule does not create any new or additional duties for judges at the time of sentencing * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 25. Appellant has not cited any statute that requires the trial court to make any findings or give reasons for findings regarding counts 19 and 20, and therefore, his argument is unpersuasive.

**{¶32}** More to the point, Appellee correctly reiterates that the February 9, 2022 hearing was a limited one, restricted to resentencing only on the counts that were merged at the original sentencing hearing of June 24, 2019. The case was remanded pursuant to the order set forth in our prior opinion: "We remand this matter in order to allow the state to determine on which of the merged offenses it wishes the court to enter a conviction and sentence. All other aspects of the trial court's judgment is affirmed." *Novoa*, 7th Dist. Mahoning No. 19 MA 0073, 2021-Ohio-3585, at ¶ 50. Neither counts 19 nor 20 were merged with any other counts in the previous sentence. Counts 19 and 20 were affirmed in the prior appeal and were not subject to the resentencing order. "[O]nly the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. Appellant's fifth assignment of error is overruled.

Case No. 22 MA 0020

ASSIGNMENT OF ERROR NO. 6

THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY AWARD APPELLANT JAIL TIME CREDIT, IN VIOLATION OF APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION.

{¶33} Appellant argues that the trial court forgot to include jail-time credit for the amount of time he spent in prison from his initial sentencing in June of 2019 until his resentencing on February 9, 2022. He argues that jail-time credit is a constitutional right and that "[a] defendant who is unable to afford bail must be credited for the time they are confined while awaiting trial in order to avoid unequal treatment based on economic position." *State v. Dyer*, 7th Dist. Mahoning No. 21 MA 0072, 2022-Ohio-1519, ¶ 7. He complains that the trial court stated at the resentencing hearing that he was due to receive 1,656 days of jail-time credit, but that the February 17, 2022 sentencing entry only gives him credit for 686 days. He believes he should receive the full 1,656 days.

{¶34} Appellee replies that the trial court correctly recited the same jail-time credit in the February 17, 2022 sentencing entry that was pronounced in the original sentencing entry of June 24, 2019, which was 686 days. This amount was not challenged in Appellant's first appeal. Appellee contends that what Appellant is asking is that the time he has spent in prison under the auspices of the Ohio Department of Rehabilitation and Corrections (ODRC) since June 24, 2019, be treated as jail-time credit, but points out there is a "distinction between jail-time credit and time served in prison[.]" *State v.*

*Simpson*, 10th Dist. Franklin No. 21AP-52, 2021-Ohio-4066, ¶ 17. A trial court is precluded from including prison time served as part of a sentence in its pretrial jail-time credit calculation. R.C. 2929.19(B)(2)(g)(i) states: "the [sentencing] court shall do all of the following: * * * Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced[.] * * * The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced."

{¶35} R.C. 2967.191 requires the ODRC to deduct from a prisoner's sentence any jail-time credit determined by the trial court, and any additional time served while under the jurisdiction of the ODRC: "The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner * * * that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced."

{¶36} The Fourth District Court of Appeals was confronted with an argument similar to Appellant's, and held: "[T]he plain language of the applicable versions of R.C. 2929.19(B)(2)(g)(i) and R.C. 2967.191 suggests that trial courts must calculate the days a prisoner actually spends in jail, while ODRC must reduce the prisoner's prison term by those days, plus any additional days of confinement pending transport, as well as any related time the prisoner has spent in the custody of ODRC." *State v. Price*, 4th Dist. Athens No. 19CA14, 2020-Ohio-6702, ¶ 24. The court also stated: "[W]e find that here,

the trial court did not err or abuse its discretion in failing to specifically include Price's days served in the custody of ODRC in its jail-time credit calculation. Rather, it is the duty of ODRC to determine that figure and reduce Price's prison sentence in accordance with R.C. 2967.191." *Id.* at ¶ 33.

**{¶37}** The trial court in this matter mentioned at his resentencing hearing that Appellant would be given credit for 1,656 days of time served. (2/9/22 Tr., p. 25.) The trial court did not specify that this was jail-time credit, but simply said "credit." The trial court was correct. Appellant will be given credit for 686 days of jail-time credit, as stated in both sentencing entries. The rest will be credited as prison time by the Ohio Department of Rehabilitation and Correction. Perhaps the trial court could more clearly have explained this at the sentencing hearing, but by law the trial court could not give Appellant any more jail-time credit than 686 days, and that was the amount provided in the resentencing entry. Appellant is aware that jail-time credit is credit given while awaiting trial, as is shown by the *Dyer* case cited in Appellant's brief. Once Appellant was sentenced on June 24, 2019, he was no longer awaiting trial. Any time spent in prison after that was prison time, not pretrial jail-time. Appellant has not provided any evidence that ODRC is refusing to accurately credit him with prison time served based on his conviction. Assuming there was error made by the trial court, any error made at resentencing is harmless at best and it would be unlawful to grant Appellant the relief he requests. Appellant's sixth assignment of error is overruled.

## Conclusion

**{¶38}** Appellant was convicted of murder and 42 other counts, including the attempted cover up of the murder, mutilating and hiding the corpse, theft of the victim's

car, drug trafficking, and engaging in a pattern of corrupt activity. His convictions were affirmed on appeal, but the case was remanded for limited resentencing solely due to sentencing errors regarding merged counts. Any appeal is likewise limited. Appellant argues that the trial court should have granted the motion to withdraw his plea made prior to resentencing. His guilty plea and conviction had been affirmed in his prior appeal. Therefore, the trial court did not have jurisdiction to grant a motion to withdraw his plea. Appellant challenges his consecutive sentences; an alleged denial of his right of allocution; and an alleged failure of the trial court to resentence him on counts 19 and 20. None of these arguments are supported by the record. Finally, Appellant argues that the trial court should have given him jail-time credit at resentencing for the time spent during this appeal, but any credit for time spent incarcerated in prison is calculated by the ODRC and is not appropriately part of the trial judge's jail-time credit calculation. None of Appellant's six assignments of error have merit, and the resentencing judgment entry of the trial court is affirmed.

Robb, J. concurs.

D'Apolito, P.J. concurs.

Case No. 22 MA 0020

———————————————

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**